NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID WAYNE CARSON,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2016-1154

---

Petition for review of the Merit Systems Protection Board in No. AT-1221-11-0062-B-2.

---

Decided: April 11, 2016

---

DAVID WAYNE CARSON, Pleasant View, TN, pro se.

DANIEL S. HERZFELD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ELIZABETH M. HOSFORD.

---

Before MOORE, BRYSON, and REYNA, *Circuit Judges.*

PER CURIAM.

David Wayne Carson appeals from an order of the Merit Systems Protection Board denying his request for corrective action under the Whistleblower Protection Act ("WPA"). We *affirm*.

I

At the time of his retirement, Mr. Carson was a criminal investigator in the Office of the Inspector General of the Department of Veterans Affairs ("DVA"). Mr. Carson retired in 2009 after more than 20 years of service. He completed a "Notice of Retirement" form, in which he stated that the reason he was retiring was "Desire to Retire."

In 2010, Mr. Carson submitted a whistleblower complaint to the Office of Special Counsel alleging that the DVA had retaliated against him for two protected disclosures: a phone call in 2006 to the legal office of the Inspector General concerning legal advice he received from his supervisor, and a phone call questioning the legality of seizing a computer during a 2008 operation at the offices of the Kentucky Disabled American Veterans ("DAV"). He alleged that in retaliation for his disclosures, he had been coerced into retiring. On September 27, 2010, the Office of Special Counsel closed its investigation of Mr. Carson's whistleblower allegations and informed him that he could file an individual-right-of-action request for corrective action with the Board.

Mr. Carson filed an individual-right-of-action appeal on October, 12, 2010. In her initial decision, the administrative judge who was assigned to the case found that the 2006 disclosure was not a protected disclosure because Mr. Carson's "disclosure concerned possibly erroneous instructions or rules provided by his supervisor, rather than any conduct that was violative of any law, rule, or regulation." Accordingly, the administrative judge found

that the Board did not have jurisdiction over Mr. Carson's appeal.

The full Board agreed that the Board had no jurisdiction over Mr. Carson's 2006 disclosure, but it found that the administrative judge had not addressed his claim regarding the 2008 disclosure. The Board ruled that Mr. Carson's second disclosure raised a non-frivolous claim of protected disclosure and remanded the case for further development.

On remand, the administrative judge first analyzed whether Mr. Carson's disclosures during the 2008 search and seizure operation at the offices of the DAV were protected. During the operation, Mr. Carson had concerns that the seizure of a particular computer violated the Fourth Amendment. His concern was based on his belief that only an employee of the organization had authorized the seizure, and that the employee was unable to give effective consent to seize the computer. He expressed his concerns to two superiors. In fact, it turns out that the DAV was cooperating with investigators and had authorized the search. Mr. Carson argued that the disclosure was a protected disclosure under the WPA.

After taking the testimony of Mr. Carson and the Assistant U.S. Attorney who was involved in the 2008 investigation, the administrative judge determined that, at the time Mr. Carson raised his concerns, he was unaware that DAV was cooperating with investigators and believed that the agency had only the consent of the employee. Under the circumstances, the administrative judge found that Mr. Carson had a reasonable belief that the agency did not have consent to search or seize the computer, and therefore his disclosure regarding the legality of the search was protected by the WPA.

The administrative judge also found, however, that Mr. Carson had failed to establish that his retirement was involuntary and therefore did not show that he suffered a

"personnel action" within the scope of the WPA. Mr. Carson's retirement was voluntary, the administrative judge found, because the adverse circumstances that he identified were not "so intolerable that a reasonable person in his position would have felt compelled to retire."

In support of his claim that he was mistreated, Mr. Carson pointed to a number of incidents. First, he alleged that after the 2008 disclosure, his supervisor, Mike Keen, threatened to fire him. However, Mr. Keen testified that he never threatened to fire Mr. Carson and that he had no authority to fire anyone. Mr. Keen's testimony about his lacking of firing authority was confirmed by Mr. Keen's supervisor, Quentin Aucoin.

Next, Mr. Carson alleged that after the 2008 disclosure, Mr. Keen subjected him to long and abusive case reviews and required him to re-present cases to prosecutors that they had previously declined to prosecute. He also alleged that Mr. Keen had treated him poorly by micro-managing his work, talking down to him, raising his voice, and interrupting him. Mr. Keen denied subjecting Mr. Carson to longer case reviews than were needed based on the complexity of the case and the progress of the investigation.

Mr. Carson complained that Mr. Keen allowed another employee to stop preparing Mr. Carson's travel documents, even though she provided that service for other agents in the office. The employee testified that she stopped preparing Mr. Carson's documents after he spoke to her in a demeaning manner and that after he apologized to her she began preparing his documents again.

Mr. Carson also alleged that after his 2008 disclosure, the agency disapproved his requests for supervisor training. Mr. Aucoin testified that he did not approve Mr. Carson's requests for supervisory training, either before the disclosure or afterwards, because he thought Mr.

Carson was "abrasive, abusive, and put his own self-interests above others."

On other occasions, as claimed by Mr. Carson and confirmed by Mr. Keen, the two engaged in heated conversations, and on one occasion Mr. Keen ordered Mr. Carson out of his office.

Finally, Mr. Carson pointed to an incident in 2009. After Mr. Carson suffered a hand injury, the agency stripped him of his badge, his weapon, his law enforcement duties, and his government-owned vehicle. Mr. Carson stated that the reason given by the agency—that Mr. Carson's medical restrictions prevented him from performing law enforcement duties—was pretextual, as another employee had continued with his law enforcement duties after suffering a hand injury. Mr. Keen testified that the difference in the agency's response to the two situations was that the other employee did not request any accommodation or indicate that he was unable to perform any of his normal duties, while Mr. Carson presented a doctor's note restricting him from using his right hand. When the doctor's restrictions on the use of his hand were removed, the agency immediately restored his privileges.

Mr. Keen testified that he never asked Mr. Carson to retire, and that when the subject came up in conversation, it was always raised by Mr. Carson. Mr. Aucoin testified that he informed Mr. Carson that he was welcome to stay as long as he did the work.

After reviewing the record, the administrative judge found that Mr. Carson failed to meet his burden to show that his retirement was involuntary. The administrative judge accepted as true Mr. Carson's allegations that Mr. Keen treated him poorly on occasion, but she did not find that those circumstances were so difficult as to compel a reasonable person to resign. The administrative judge did not consider the denial of training requests or the with-

drawal of Mr. Carson's badge, weapon, law enforcement duties, and vehicle to be ill-treatment, because the agency established that it had legitimate reasons for those measures. In sum, the administrative judge found that Mr. Carson "described no more than difficult and unpleasant working conditions," which were insufficient to satisfy his burden to show that his retirement was involuntary. The administrative judge therefore concluded that Mr. Carson had failed to establish that he suffered a "personnel action" within the scope of the WPA and denied his request for corrective action.

The full Board denied Mr. Carson's petition for review and affirmed the administrative judge's decision.

## II

"A decision to resign or retire is presumed to be voluntary." *Shoaf v. Dep't of Agric.*, 260 F.3d 1336, 1340-41 (Fed. Cir. 2001). An employee can overcome that presumption if he proves by a preponderance of the evidence that his retirement was involuntary and thus tantamount to a forced removal. *Id.* at 1341. A retirement is involuntary if the agency creates "working conditions so intolerable for the employee that he or she is driven to involuntarily resign or retire." *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc). To determine whether a reasonable person would have been driven to resign, the Board considers the totality of the circumstances, including "events not immediately preceding the leave of employ." *Shoaf*, 260 F.3d at 1342.

Mr. Carson first argues that the administrative judge failed to consider the totality of the circumstances. He argues that the administrative judge's error lay in excluding the actions as to which the agency was justified—such as the denial of Mr. Carson's training requests—from the totality of the circumstances analysis.

The administrative judge did not fail to consider that evidence; she simply explained that she did not consider those incidents to represent be "ill-treatment" on the part of Mr. Keen. The administrative judge meticulously analyzed the record, considering both the details of individual events and Mr. Carson's experience as a whole before reaching the determination that his retirement was voluntary. We hold that there was substantial evidence for the Board's finding that Mr. Carson voluntarily retired.

Mr. Carson also contends that the Board failed to determine whether the whistleblowing disclosure was a "contributing factor" to an adverse personnel action, and failed to require the agency to prove, by clear and convincing evidence, that it would have had taken the same personnel action absent the disclosure. In order to make out a prima facie case, however, the claimant must prove: (1) that he made a protected disclosure, (2) that he was subject to an adverse personnel action, and (3) that the protected disclosure was a contributing factor in the adverse personnel action. *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). Because the Board determined that Mr. Carson voluntarily retired, his claim fails because he was not subject to an adverse personnel action. Therefore, there was no reason for the Board to consider the contributing factor element or the agency's possible affirmative defense.

We have considered Mr. Carson's remaining arguments but find them unpersuasive.

No costs.

**AFFIRMED**